**MEMORANDUM**
**TO THE HONORABLE JACK B. WEINSTEIN**
**SENIOR UNITED STATES DISTRICT JUDGE**

Re: Glenn Gregson
Docket#: 00-CR-971
**Status Report/Request for Direction**

The purpose of this memorandum is to update the Court since our Report on Offender Under Supervision dated December 27, 2005.

It is noted the offender had pled guilty to Bank Robbery and had been sentenced before Your Honor on February 8, 2001, to thirty-six months imprisonment, three years supervised release, $700 restitution to be paid a rate of $50 monthly beginning at the end of his supervision term, a $100 Special Assessment Fee and additional conditions he undergo any type of treatment as directed by Probation and not approach the bank tellers involved in the instant offense unless consented by Probation.

The offender has been under the supervision of this district since his release on March 29, 2003. His $100 Special Assessment Fee and $700 fine were satisfied on May 15, 2002, and January 18, 2006, respectively.

In our December 27, 2005, report, (attached), we advised that on December 22, 2005, the offender had been driving along E. 8 Street in Brooklyn, New York, accidentally struck a 13 year-old female who came running out into the street between two cars, and was arrested after a computer check uncovered he was driving with a revoked license. Arraigned in Kings County Criminal Court, the offender was charged with Violation of Traffic Laws 509.1 (Unlicensed Driver), 511.1 (Aggravated Unlicensed Operation of a Motor Vehicle in the 3rd degree), and 511.2 (Aggravated Unlicensed Operation of Motor Vehicle in the 2nd degree). He was released upon arraignment, and his next court date scheduled for April 10, 2006. We also advised the Court that the offender has suffered from serious health problems throughout supervision, had been given the benefit of mail-in reporting, and we indicated we would continue to see the offender in the field and refer him for a drug treatment/mental health evaluation, and treatment, if necessary. Your Honor concurred with this case plan.

On January 9, 2006, the offender submitted a urine specimen which tested positive for the presence of marijuana. He admitted its daily use, and was referred to Seafield Services, an outpatient drug treatment program. On January 24, 2005, another urine specimen was collected which tested positive for marijuana. In February, the offender's counselor at Seafield Services advised that the offender would be required to obtain medical clearance before treatment could be continued. The counselor also indicated that the offender did not appear to be particularly interested in treatment. The offender advised that he spoke with his cardiologist and was advised that he would be required to undergo several tests prior to being medically cleared.

The offender is scheduled to terminate supervised release supervision on March 28, 2006. Statutorily his supervised release term cannot be extended. We are referring the offender to Marijuana Anonymous, a support group for marijuana users, which holds meetings in the New York area as well as offers on-line meetings. In addition, based on a recent conversation with the offender, we are also referring him to Alanon, a support group for family and friends of alcoholics. The offender indicates his wife has a serious drinking problem which she will not address, which is adversely affecting their relationship and his physical and mental health. Barring any unforseen circumstances and unless directed otherwise by the Court, we will allow the offender to terminate his supervision term as scheduled on March 28, 2006.

RESPECTFULLY SUBMITTED;

TONY GAROPPOLO
CHIEF U.S. PROBATION OFFICER

Prepared by: _____Jill Williams for_____
                  Carolann Avallone-Riccardi
                  U.S. Probation Officer

Approved by: _____Jill D. Williams_____
                  Jill D. Williams
                  Supervising U.S. Probation Officer

CAR/s
March 13, 2006


[ ] Terminate supervision as scheduled on March 28, 2006: _____
                                                              Sr. U.S. District Judge       Date


[ ] Other directive: ___Terminate Supervision on___
                  Sr. U.S. District Judge                                                  Date

March 27, 2006 on *[ground?]* defendant is discharged as unimproved and for reason of drug use and failure to cooperate. So ordered.

*[signature]*
3/15/06

PROB 12A
(NYEP-11/25/02)

# United States District Court
## for
## Eastern District of New York
### Report on Offender Under Supervision

Name of Offender: <u>Glenn Gregson</u>     Case Number: <u>00-CR-971</u>

Name of Sentencing Judicial Officer: <u>The Honorable Jack B. Weinstein, Senior United States District Judge</u>

Date of Original Sentence: <u>February 8, 2001</u>

Original Offense: <u>Bank Robbery, in violation of 18 USC 2113(a), a class C felony</u>

Original Sentence: <u>Thirty-six months imprisonment, three years supervised release, $700 restitution to be paid a rate of $50 monthly beginning at the end of his supervision term, a $100 Special Assessment Fee and additional conditions the offender undergo any type of treatment as directed by Probation; not approach the bank tellers involved unless consented by Probation</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>March 29, 2003</u>

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | New Criminal Conduct |

U.S. Probation Officer Action:

The Court is hereby advised of the offender's new arrest in Brooklyn, New York, on December 22, 2005, by officers of the New York City Police Department.

According to the arrest report and an interview with the arresting officer, the offender was driving along E. 8 Street in Brooklyn, New York, and accidentally struck a 13 year-old female who came running out into the street between two cars. Police arrested the offender after a computer check uncovered he was driving with a revoked license. The victim reportedly has at least one broken leg. Arraigned in Kings County Criminal Court on December 23, 2005, the offender was charged with Violation of Traffic Laws 509.1 (Unlicensed Driver), 511.1 (Aggravated Unlicensed Operation of a Motor Vehicle in the 3rd degree), and 511.2 (Aggravated Unlicensed Operation of Motor Vehicle in the 2nd degree). He was released upon arraignment, and is next scheduled to appear in court on January 18, 2006.

It is noted the undersigned first learned of this arrest on December 23, 2005, upon receipt of a phone call from the offender's wife. She stated that at the time of the accident the offender was on his way to pick her up to "drive [her] around" while she ran errands. She blamed herself in part, stating that she pressured him to pick her up.

We continue our investigation of this matter, will notify Your Honor of our findings, and respectfully recommend that no adverse Court action be taken at this time.

The offender's adjustment has been otherwise been adequate to marginal. Since his release on March 29, 2003, the offender has resided with his wife in a small rented apartment in Brooklyn. He has suffered from serious health problems and has subsisted on his wife's employment income since his release. The offender underwent heart surgery in July 2003, and continues to report health problems. The offender submitted five urine specimens between June 18, 2003 and July 9, 2003, which tested positive for the presence of marijuana. The same, we note, did not represent separate uses. Specimens collected since July 9, 2003, have proved negative for illicit drug use, although no specimens have been collected since October 2003. The offender underwent drug treatment between June and October 2003, when he was discharged due to budget constraints and the fact that he had difficulty traveling due to his health. The offender was also given the benefit of mail-in reporting since his surgery with the undersigned probation officer making periodic field visits. During these field visits the offender appeared sickly, and at times advised that he also had marital problems. While the undersigned will continue to see the offender in the field, he will be re-referred for a drug treatment/mental health evaluation and be required to undergo treatment if necessary.

Respectfully submitted by,

Caroliann Avallone-Riccardi
U.S. Probation Officer
Date: 12/27/05

Approved by,
George V. Doerrbecker
Deputy Chief U.S. Probation Officer
Date: 12/27/05

THE COURT ORDERS:

☒ No Action  *Sentence Conflict with Sup.*
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

Signature of Judicial Officer
Date 12/27/05

DATED 12/27 2005
ATTEST
ROBERT C. HEINEMANN
CLERK
BY